UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIHGAN
SOUTHERN DIVISION

MARK MCCRACKEN
      Plaintiffs,                                CASE NO. No.
                                                        HON.

v.

Randall Haas, C.C. Brown-Brandon, C/O E. Swain,
C/O Warren, C/O Warner, RUM Madeary
      Defendants.
_____/

Thomas E. Kuhn (P37924)
Co-counsel for Plaintiffs
615 Griswold
Suite 515
Detroit, MI 48226-3998
(313) 963-5222

David A. Robinson (P38754)
Robinson & Associates, P.C.
Counsel for Plaintiffs
28145 Greenfield
Suite 100
Southfield, MI 48076
(248) 423-7234
_____/

## **COMPLAINT AND JURY DEMAND**

NOW COME, the above-named Plaintiff, MARK MCCRACKEN, by and through their attorneys, THOMAS E. KUHN, P.C., by THOMAS E. KUHN, AND DAVID A. ROBINSON, and for this cause of action against Defendants, respectfully represents to this Honorable Court as follows:

INTRODUCTION

1. This is an action resulting from the sexual assault on Mark McCracken, who at was incarcerated in the Jackson Cotton Correctional Facility and whose

1

damages resulted from the wrongful actions of Cotton Facility employees and Defendants: Randall Haas, C.C. Brown-Brandon, C/O E. Swain, C/O Warren, C/O Warner, RUM Madeary. and perhaps others yet to be identified.

2. At all times material herein, the individual Defendants were employees of Cotton Correctional Facility and/or the Michigan Department of Corrections in Jackson, Michigan. The individual Defendants acted jointly and in concert in violation of well-established federal Constitutional rights and in violation of 42 U.S.C. §§ 1983 and 1988, and in violation of the Eighth and Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.

3. Plaintiff is seeking monetary damages due the misconduct of Defendants which is detailed in this Complaint.

## GENERAL ALLEGATIONS

4. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 3 of this Complaint with the same effect as if fully set forth herein.

5. This is an action based upon United States Constitutional violations and State Law tort claims for personal injury suffered by MARK MCCRACKEN as a result of the misconduct of the various Defendants.

6. Plaintiff alleges that Defendants' misconduct deprived of his constitutional right to life and his constitutional right to medical treatment befitting his condition, and that Defendants' acts and omissions caused MARK MCCRACKEN to suffer grievous harm, emotional and physical injuries and all the while in Defendants' custody.

7. Plaintiff alleges that Defendants' gross negligence deprived MARK MCCRACKEN of his constitutional right to life and which gross negligence caused various injuries, including but not limited to, his sexual assault by another prisoner.

8. Each Defendant caused and is responsible for the unlawful conduct and resulting harm, by *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by exhibiting deliberate indifference to Plaintiffs' rights, and by ratifying and condoning the unlawful and grossly negligent conduct performed by other agents, officers, medical providers and employees.

## JURISDICTION AND VENUE

9. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint with the same effect as if fully set forth herein.

10. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Eighth and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment. This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This Court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

11. The amount in controversy exceeds $75,000.00, excluding interest, costs and attorney fees.

12. Venue lies in the U.S. Eastern District of Michigan, the district in which the claim arose pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 12 of this Complaint with the same effect as if fully set forth herein.

14. Plaintiff MARK MCCRACKEN at all times herein mentioned is a citizen of the United States of America. MR. MCCRACKEN resided at the Cotton Correctional Facility (JCF) in the City of Jackson, County of Jackson, State of Michigan during the events described herein.

15. Plaintiff MARK MCCRACKEN has since been released from custody, and now resides in Macomb County, Michigan.

16. At all times pertinent to the allegations in this complaint, Defendant, RANDALL HAAS, was an employee of Cotton Correctional Facility and acted within the scope of his employment and under color of state law and is being sued in his individual capacity.

17. At all times pertinent to the allegations in this complaint, Defendant, C.C. BROWN-BRANDON, was an employee of Cotton Correctional Facility and acted within the scope of his employment and under color of state law and is being sued in her individual capacity.

18. At all times pertinent to the allegations in this complaint, Defendant, OFFICER SWAIN, was an employee of Cotton Correctional Facility and acted within the scope of his employment and under color of state law and is being sued in his individual capacity.

19. At all times pertinent to the allegations in this complaint, Defendant, OFFICER WARREN, was an employee of Cotton Correctional Facility and acted within the scope of his employment and under color of state law and is being sued in his individual capacity.

20. At all times pertinent to the allegations in this complaint, Defendant, OFFICER WARNER, along with RUM Madeary, were employees of Cotton

Correctional Facility and acted within the scope of his employment and under color of state law and is being sued in his individual capacity.

21. Plaintiff has filed suit against all Defendants in their individual capacities and jointly and severally.

22. All acts complained of herein were committed by Defendants individually, whose acts and/or omissions, were committed and/or omitted, under the color of state law, statutory laws, ordinances, regulations, customs, and/or usages of the State of Michigan.

23. Individual Defendants are being sued in their individual capacities.

24. At all material times herein, individual Defendants were employed by Defendant Cotton Correctional Facility and were either directly or indirectly involved in housing MARK MCCRACKEN in a cell with a known sexual predator, after knowing of threats to Plaintiff, and knowing that because of his slim build, and his disabilities, including but not limited to his prosthetic leg, Plaintiff fit a profile for those likely to be subject to sexual assault in prison.

25. Plaintiff bases applicable and appropriate claims against the various Defendants on their wrongful conduct causing injury to MARK MCCRACKEN.

## FACTUAL ALLEGATIONS

26. Plaintiff incorporates by reference all of the allegations contained in prior paragraphs of this Complaint with the same effect as if fully set forth herein.

27. On or about December 7, 2013, Plaintiff requested to be placed in protective custody because he was receiving threats from other prisoners.

28. Because of overcrowding in L-unit, Plaintiff was placed in Level IV, a higher custody unit under protective custody.

29. On or about December 12, 2013, Plaintiff was transferred to MTU, but was transferred back because MTU couldn't accommodate Plaintiff's medical needs on December 14.

30. On return to JCF, Plaintiff was again placed in I unit, in protective custody.

31. On or about December 19, a prisoner was placed in Plaintiff's cell, and he objected to C/O Warner and others.

32. On or about December 25, prisoner Rueckert, a known sex offender was placed in the cell with Plaintiff although Plaintiff was supposed to be in protective custody.

33. Plaintiff objected to the placement, and notified Defendant Warner and others repeatedly of the conflict between Rueckert and himself, requesting to be transferred out of the cell.

34. On or about December 29, Plaintiff made officers on first shift as well as Defendants Warren, Warner and Swain aware that Rueckert was becoming

more aggressive, and that Plaintiff needed to be transferred to another cell for his protection.

35. On or about January 2, 2014, Plaintiff wrote a letter to Defendant Brown-Brandon, again identifying his safety concerns with Rueckert.

36. On or about January 3, 2014, Plaintiff made a grievance against Defendants for their failure to protect him against the threats of Rueckert.

37. On other occasions prior to January 5, 2014, Plaintiff notified Defendants and others of the threat of Rueckert, yet Defendants were deliberately indifferent to all these communications which clearly indicated a serious threat to Plaintiff from Rueckert.

38.  Plaintiff's risk and danger of assault form Rueckert was obvious.

39. On January 5, 2014, Rueckert sexually assaulted Plaintiff.

## CAUSES OF ACTION

## COUNT I

U.S.C. SECTION 1983 and U.S.C. SECTION 1988
VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENT TO
THE UNITED STATES CONSTITUTION
FAILURE TO PROTECTION AGAINST KNOWN AND SERIOUS RISK
OF ASSAULT BY A KNOWN SEXUAL PREDATOR

(Against all Defendants)

40. Plaintiff incorporates by reference all of the allegations contained in prior paragraphs of this Complaint with the same effect as if fully set forth herein.

41. Plaintiff's claim for relief on this Count One is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

42. MARK MCCRACKEN was subject to the deprivation of rights by Defendants, acting or pretending to act under color of law and statutes, or ordinances, regulations, customs, and usages of the law of the United States, State of Michigan, which rights include, but are not limited to, privileges and immunities secured to MARK MCCRACKEN by the Constitution and Law of the United States. By reason of the acts specified herein Defendants have violated the constitutional rights and liberty interests of MARK MCCRACKEN, including those provided in the Eighth and/or Fourteenth Amendment to the U.S. Constitution.

43. Defendants failed to provide MARK MCCRACKEN with appropriate protection and housing, which failure resulted in his serious injuries. Defendants violated MARK MCCRACKEN's constitutionally protected rights by engaging in various acts, including but not limited to:

    i.     Failing to provide MARK MCCRACKEN with any adequate, timely placement where he wasn't threatened by a known sexual predator.

    ii.    Failing to transfer MARK MCCRACKEN to a different cell when he begged to have him transferred because of threatening behavior by a sexual predator placed by Defendants in his cell.

    iii.   Failing to remove MARK MCCRACKEN from a cell with a known sexual predator in light of his repeated complaints that he was being threatened.

    iv.   Forcing MARK MCCRACKEN to wait until after he was sexually assaulted before allowing him transfer to a safe location.

    v.    Failing to provide sufficiently trained employees who were on-site and available at all times and for all threats of sexual assault.

    vi.   Failing to carry through policies requiring reasonable housing and protection of prisoners who are being threatened where it is apparent that an inmate's housing with a known sexual predator created a serious risk of harm.

44. Pursuant to Eighth and Fourteenth Amendments to the United States Constitution, Defendants owed MARK MCCRACKEN a duty to act prudently and with reasonable care to otherwise avoid exposing MARK

MCCRACKEN to an unreasonable risk of harm and in failing to do so deprived MARK MCCRACKEN of his right to life, liberty and property without due process of law.

45. MARK MCCRACKEN claims damages including, but not limited to, the physical injuries, embarrassment, humiliation, pain and emotional anguish and trauma he endured while being housed with a known sexual predator.

46. As a result of these individual Defendants' conduct as described herein and their deliberate indifference to the serious risks to emotional and physical health and the constitutional rights of MARK MCCRACKEN, Plaintiff has suffered loss of society, comfort, companionship, solace, love, affection and continues to suffer these damages.

47. By virtue of 42 U.S.C. § 1988, Plaintiffs are entitled to and demand an award of reasonable attorney fees and costs according to the proofs.

WHEREFORE, Plaintiffs claim the relief as set forth herein.

## COUNT II

## GROSS NEGLIGENCE

(Against All Defendants)

77. Plaintiff incorporates by reference all of the allegations contained in prior paragraphs of this Complaint with the same effect as if fully set forth herein.

78. At all times herein mentioned, all Defendants were subject to a duty of care to avoid causing unnecessary physical harm to persons in their custody.  The wrongful conduct of all Defendants as described herein, was grossly negligent, wanton, willful and reckless, proximately causing Plaintiffs' injuries and damages as set forth herein.

79. Defendants breached their duty to MARK MCCRACKEN through their gross negligence in one or more of the following ways:

i. Failing to provide MARK MCCRACKEN with any adequate, timely protection from a known sexual predator, despite repeated requests.

ii. Failing to transfer MARK MCCRACKEN to a cell protected from a known sexual predator after he begged to be transferred.

iii. Failing to provide MARK MCCRACKEN with any remedy for his repeated complaints and grievances about the threats being made by a known sexual predator placed in his cell by Defendants.

    iv.    Forcing MARK MCCRACKEN to wait until after he was sexually assaulted before providing him a safe cell away from a known sexual predator.

    v.    Failing to provide sufficient employees who were on-site and available at all times and trained in identifying and protecting individuals subject to sexual assault.

    vi.    Failing to follow through policies requiring reasonable transfer where it is apparent that an inmate suffers risk of serious harm from a known sexual predator who Defendants placed in his cell, and refused to protect against.

84. As the proximate result of Defendants' grossly negligent conduct, Plaintiffs suffered damages.

    WHEREFORE, Plaintiffs claim the relief as set forth herein.

## COUNT IV

### ACTING IN CONCERT

(Against All Defendants)

85. Plaintiffs incorporate by reference all of the allegations contained in all prior paragraphs of this Complaint with the same effect as if fully set forth herein.

86. At all material times herein, individual Defendants were acting within the scope of their employment with MCOC and/or JCF; specifically, either as medical staff or Corrections Officers.

87. Defendants owed MARK MCCRACKEN a duty to provide protection for his known vulnerability to sexual assault.

88. Defendants engaged in bad faith, gross negligence, and tortious misconduct when they acted in concert with each other and/or pursuant to a common design with each other in the following manner:

   i. Failing to provide MARK MCCRACKEN with any adequate protection despite repeated requests.

   ii. Failing to transfer MARK MCCRACKEN to a cell protected from known sexual predators after he begged to be transferred.

   iii. Forcing MARK MCCRACKEN to wait for days until after he was sexually assaulted before allowing him a protective cell or housing.

   iv. Failing to provide sufficient guards and other employees who are on-site and available at all times and who are knowledgeable in rape assessment and protection.

    v.    Failing to implement policies requiring reasonable transfers where it is apparent that an inmate's health is seriously at risk due to threats by a known sexual predator.

89. As a result of Defendants' gross negligence, bad faith and concert of action, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs claim the relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

i. General / Compensatory Damages to be determined at trial, including but not limited to physical injury, pain, embarrassment, humiliation, psychological trauma.

ii. Special Damages according to proof.

iii. Punitive Damages against the appropriate Defendants for their malicious, willful and wanton misconduct.

iv. For Damages for future lost earnings and lost earning capacity according to proof.

v. For medical and hospital expenses according to proof.

vi. For loss of gifts or other valuable gratuities.

viii. Loss of comfort, society and companionship.

ix. For any and all other damages otherwise recoverable, including but not limited to, attorney fees recoverable under 42 U.S.C. §§ 1983 and 1988 and any damages recoverable under Michigan's Wrongful Death Statutes.

                                            Respectfully Submitted by,
                                            Thomas E. Kuhn, P.C.

                                            /s/ Thomas E. Kuhn
                                            Thomas E. Kuhn (P37924)
Dated: February 8, 2016          DAVID A. ROBINSON (P 38754)
                                            Attorneys for Plaintiff
                                            615 Griswold, Ste. 515
                                            Detroit, MI 48226
                                            tekuhn@aol.com

## DEMAND FOR JURY TRIAL

Pursuant to FRCP 38(b) Plaintiff hereby respectfully demands a Trial by Jury.

                                            Respectfully Submitted by,
                                            Thomas E. Kuhn, P.C.

                                            /s/ Thomas E. Kuhn
                                            Thomas E. Kuhn (P37924)
Dated: February 8, 2016          DAVID A. ROBINSON (P 38754)
                                            Attorneys for Plaintiff
                                            615 Griswold, Ste. 515
                                            Detroit, MI 48226
                                            tekuhn@aol.com